UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
    UNITED STATES OF AMERICA,

                  - against -

    MICHAEL ORTIZ,

                   Defendant.

------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

06 cr. 382 (BMC)

**COGAN,** District Judge.

    Defendant moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c) and the retroactive application of Amendment 782 to the United States Sentencing Guidelines. In addition, he argues that his sentence should be reduced because the Court mistakenly held him responsible for more than 500 grams of cocaine when in fact he should have only been responsible for more than 300 grams of cocaine, which would lower his Guidelines range even without regard to Amendment 782, and even more with it. The Government has not objected to a reduction to the extent allowed by the Guidelines amendment, but opposes any reduction based on the allegedly mistaken drug quantity.

    As to the drug quantity issue, the Government is correct that Amendment 782 does not allow the Court to revisit the quantity of the drugs for which defendant was convicted. The Amendment simply reduces the Guideline for that quantity by two points. That portion of defendant's motion is therefore denied.

    With regard to the Guideline reduction which Amendment 782 does allow, the Court will follow the two-step procedure set forth in Dillon v. United States, 560 U.S. 817, 130 S. Ct. 2683

(2010). First, the Court determines, and the Government agrees, that defendant is eligible for a reduction under the Amendment. He pled guilty to two counts: (1) attempting to possess more than 500 grams of cocaine (21 U.S.C. § 846); and (2) having a gun in furtherance of a drug crime (18 U.S.C. § 924(c)). His Guideline range on the drug count was 92-115 months based on an offense level of 26 and a criminal history category of IV. I sentenced him to 92 months on that count, the low end of the Guidelines range. On the gun count, I imposed the mandatory minimum of 60 months' custody to run consecutively, as the statute requires, to the drug count. He thus received a total of 152 months' custody.

Amendment 782 does not affect the gun charge, so the 60 months to which I sentenced defendant remains a part of his sentence. However, the Amendment lowers the 92-115 month range on the drug count to 77-92. Defendant is thus eligible for a reduction of 15 months.[1]

Having determined that defendant is eligible, the second step of Dillon requires me to inquire whether consideration of the factors under 18 U.S.C. § 3553(a), together with any post-sentencing conduct, would warrant a lower sentence. I have carefully reviewed the sentencing transcript, the sentencing memoranda, and the Presentence Investigation Report along with defendant's motion and the Government's response. It is a close question. What makes it close is that while defendant has taken a number of classes and received a number of work assignments, his disciplinary history while in custody is very poor. He has a multitude of infractions covering everything from insubordination to assault, fighting, drugs, and weapons possession. He has already lost more than a year of good time credit because of this conduct.

---

[1] The Government has advised that even though defendant has effectively completed that portion of his custodial sentence relating to the drug charge, it is the position of the Department of Justice that when custody on a drug charge is followed by the mandatorily consecutive sentence on a gun charge, Amendment 782 is still deemed available to that a defendant.

2

If Amendment 782 worked a longer reduction in proportion to defendant's overall sentence, this history might well eliminate or reduce the amount of any reduction.  However, given the length of petitioner's sentence, I believe a reduction of 15 months is appropriate.  The Court has actually thought a lot about Mr. Ortiz and his co-defendants over the years and has come to the view that the Court weighted the Guidelines as to the drug count somewhat too heavily in relation to the other § 3553(a) factors, particularly considering  Mr. Ortiz' youth and disadvantaged personal history.  I have no doubt that if the Guidelines on the drug count had been two points lower, I would have sentenced him within the lower range.  He should not be disadvantaged by what happened after that; he has already suffered extensive loss of privileges and good time as a consequence of those actions.

Having considered the factors under 18 U.S.C. § 3553(a) and the other applicable considerations, I therefore believe that an adjustment of the sentence is appropriate.  I find that defendant's sentence should be reduced to 137  months' custody (77 months on the drug count plus 60 months consecutively on the gun count), and his motion is granted to that extent, effective as of November 1, 2015, with all other terms of release as stated at sentencing

S**O ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
      September 12,  2015